CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID CRAWLEY,<br>    Crawley, | )<br>)<br>) | Civil Action No. 7:15-cv-00647<br>Civil Action No. 7:15-cv-00648 |
| v. | )<br>) | |
| J. MICHAEL PARSONS, et al.,<br>    Defendants. | )<br>)<br>) | |
| DAVID CRAWLEY,<br>    Crawley, | )<br>) | **MEMORANDUM OPINION** |
| v. | )<br>)<br>) | By:   Hon. Michael F. Urbanski<br>         United States District Judge |
| A. DAVID ROBINSON, et al.,<br>    Defendants. | )<br>)<br>) | |

David Crawley, a Virginia inmate and an adherent of the House of Yahweh faith, filed two separate pro se civil actions under 28 U.S.C. § 1983 complaining that he was not provided Passover meals while housed in administrative segregation at the Wallens Ridge State Prison ("WRSP") in April 2015 in violation of the First and Fourteenth Amendments of the United States Constitution.

Defendants, various staff members at WRSP or the Virginia Department of Corrections ("VDOC"), filed motions for summary judgment, and Crawley responded, making these matters ripe for disposition. Defendants claim qualified immunity, contending that Crawley's failure to receive Passover meals was not an intentional violation of his constitutional rights. Rather, defendants contend, Crawley did not properly ask to receive Passover meals.

After reviewing the record, the court will dismiss all claims in case No. 7:15cv00648, and all claims in case No. 7:15cv00647 except the claim asserted against Chaplain Mitchell. The claims against the other defendants in case No. 7:15cv00647 and all of the defendants in case

No. 7:15cv00648 rely solely on conclusory allegations and allege only supervisory liability on behalf of prison officials. As such, these claims cannot proceed.

Chaplain Mitchell is the only named defendant in either action who is alleged to have had any personal involvement in failing to grant Crawley's request for Passover meals. Chaplain Mitchell filed an affidavit in support of his motion for summary judgment stating that "I keep copies of all offender requests regarding participation in holiday observances. I did not receive any request forms concerning Crawley participating in Passover 2015." Chaplain Mitchell Aff., No. 7:15cv00647, ECF No. 31-1 at 2. Crawley counters that he submitted Offender Request forms to Counselor Rose asking that he be included on the Passover meals list. According to documents produced by Crawley in his opposition to summary judgment, Counselor Rose responded that he sent emails to Chaplain Mitchell. Offender Request Forms, No. 7:15cv00647, ECF No. 48-1, at 1-2. As Chaplain Mitchell did not file a reply brief, the record is incomplete concerning Chaplain Mitchell's receipt or response to the emails from Counselor Rose. Thus, on this record, the court cannot determine whether Crawley's omission from the Passover list was inadvertent or intentional on Chaplain Mitchell's part.[1] Given the standard governing summary judgment motions, requiring the court to consider the facts in the light most favorable to Crawley, the disputed facts concerning Chaplain Mitchell's conduct are not appropriate for resolution at this stage.

Accordingly, summary judgment is **GRANTED** in case No. 7:15cv00648 and that case will be dismissed with prejudice in its entirety. Summary judgment is **GRANTED** against defendants Fleming and Ponton in case No. 7:15cv00647, and Crawley's allegations against

---

[1] In order to prevail on his claims of constitutional violations, Crawley must prove that the actions were taken with "some measure of deliberateness," Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). "[N]egligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause." Lovelace v. Lee, 472 F.3d 174, 201 (4th Cir. 2006). Rather, Crawley must "assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." Id.

them in that case will be dismissed with prejudice. Summary judgment is **DENIED** in case No. 7:15cv00647 as to the sole remaining defendant Chaplain Mitchell as further factual development is necessary to resolve Crawley's claim against him.

## I. Background

### A. Case No. 7:15cv00647.

In his complaint in case No. 7:15cv00647, Crawley names four defendants: J. Michael Parsons, an Assistant Attorney General of Virginia; Henry Ponton, a Regional Administrator for the Virginia Department of Corrections ("VDOC"); Leslie Fleming, the Warden of the Wallens Ridge State Prison; and J. Mitchell, the Chaplain for WRSP inmates. The court dismissed all claims against defendant Parsons on November 21, 2016. As to the remaining defendants, Crawley claims that Chaplain Mitchell refused to honor requests that Crawley be included on the 2015 Passover meals list. Crawley complains that Warden Fleming was "informed beforehand" that Chaplain Mitchell was refusing to put him on the Passover meals list and did nothing to intervene. Crawley complains that VDOC Regional Administrator Ponton did not require WRSP to allow Crawley to order Passover items from an outside vendor, making him a participant in the First Amendment violation. Crawley seeks monetary damages in the amount of $1000.00 per claim and an injunction transferring him out of the region.[2] Complaint, No. 7:15cv00647, ECF No. 1.

Defendants respond that "Crawley seems to be suing Fleming and Ponton due to their supervisory positions at Wallen Ridge and VDOC," Summary Judgment Brief, No. 7:15cv00647, ECF No. 31, at 5, and that his allegations run afoul of the well-established rule against vicarious liability in § 1983 suits. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)

---

[2] It appears that Crawley has been transferred from WRSP to the VDOC facility at River North Correctional Center, rendering his request for transfer moot.

("[B]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Defendants' motion included an affidavit from B. Ravizee, the Institutional Ombudsman at WRSP, containing Crawley's grievances concerning Passover in 2015. Importantly, none of these grievances suggest any personal involvement by Warden Fleming or VDOC Regional Administrator Henry Ponton in Crawley's Passover meal request until after Passover had concluded.[3] Rather, Crawley's consistent complaint in the grievances is that Chaplain Mitchell ignored his request for inclusion on the Passover meal list.[4]

Chaplain Mitchell seeks summary judgment on Crawley's constitutional claim by asserting that he could have received Passover meals had he requested them, but that "[i]t appears that Crawley did not follow this requirement because Mitchell has no record of receiving a written request from Crawley to participate in Passover 2015." No. 7:15cv00647, ECF No. 31, at 7. Defendants also claim entitlement to qualified immunity because they "did not violate any of Crawley's clearly established statutory or constitutional rights. While Crawley has an established First Amendment right to freely exercise his religion to the extent permitted in a prison environment, a reasonable person could not have known that Defendants' conduct, as established by Defendants' evidence, violated that right." Id. at 8. Defendants' response included an affidavit from Chaplain Mitchell stating that he "did not receive any request forms concerning

---

[3] Crawley makes one reference in his grievances to personal involvement of Warden Fleming, as follows: "On 5/12/15 I spoke with Warden L. Fleming about this grievance at my cell B-III, at which he admitted it's nothing he could do about the wrong now because the Passover has pass." No. 7:15cv00647, ECF No. 31-2 at 27. Defendant Ponton's alleged involvement is even later, reflected in his response to Crawley's grievances on June 25 and July 1, 2015.
[4] In fact, in his Regular Grievance dated April 13, 2015, Crawley states: "This chaplain doesn't provide literature for Yahweh worshipers, nor ever make rounds in the segregation units so any offender can make inquiries about religious matters. His failure to follow any policy is solely the reason I was arbitrarily deprived of participating in my religion celebration Passover, and why also Mar. 2015 I was subject to discrimination when denied my right to order Passover items." No. 7:15cv00647, ECF No. 31-2, at 19.

4

Crawley participating in Passover 2015," No. 7:15cv00647, ECF No. 31-1 at 2, and VDOC and WRSP Memoranda concerning procedures for the 2015 Passover.

In his opposition to the motion for summary judgment, Crawley attaches two documents, each entitled "Offender Request," in which he asks his prison counselor to be put on the Passover list. The forms contain responses from Crawley's counselor indicating that Chaplain Mitchell had been emailed the requests. No. 7:15cv00647, ECF No. 48-1, at 1-2. The December 29, 2014 response also stated that "[y]ou need to write the Chaplain as well." Id. at 1. As regards defendants Ponton and Fleming, Crawley asserts in his response in opposition to summary judgment that "both defendants Ponton and Fleming during rounds received constructual and actual knowledge from the plaintiff as to his religious desires, 841.3 policy, and the chaplain failure to respond to plaintiff counselor Rose e-mails." No. 7:15cv00647, ECF No. 48, at 3.

## B. Case No. 7:15cv00648.

In his complaint in case No. 7:15cv00648, Crawley again names Warden Fleming and adds claims against Marcia Hensley, WRSP Institutional Programs Manager ("IPM"), and A. David Robinson, VDOC Chief of Corrections Operations ("CCO") for failing to provide Crawley with Passover meals in 2015. Crawley claims in this case that Warden Fleming violated the Constitution for his "failure to ensure plaintiff receive the Passover meal while in (SHU), after learning from plaintiff during rounds Mar. 9th, 2015 at his seg. cell- A-310 approx. 2:45 pm that plaintiff was Yahwists." Complaint, No. 7:15cv00648, ECF No. 1, at 2. Similarly, Crawley claims that IPM Hensley discriminated against him on the basis of his faith by failing to ensure Crawley received Passover meals. Crawley complains that VDOC CCO Robinson failed to send out a memorandum making it clear that persons of the Yahweh faith could obtain Passover treats from outside vendors and Passover meals. Crawley seeks monetary damages in the amount of

5

Case 7:15-cv-00648-MFU-RSB   Document 49   Filed 03/14/17   Page 5 of 12   Pageid#: 192

$500.00 from Fleming and Robinson and $1000.00 per claim from Hensley, along with an injunction transferring him out of the region.

Defendants' summary judgment motion raises the same defenses as in civil action 7:15cv00647, i.e., that the allegations against Warden Fleming allege only vicarious liability and that the case against Robinson and Hensley should be dismissed because the undisputed facts show that while VDOC and WRSP had in place a program for offenders to receive Passover meals, there is no evidence that Crawley ever requested such a meal.

In opposition to the summary judgment motion, Crawley asserts that all of these prison officials should have known of his prior suit and settlement allowing him to receive the Common Fare diet and that his failure to be included on the Passover meal list was an intentional violation of his rights.[5] Crawley replies by affidavit that he wrote to Chaplain Mitchell, Institutional Programs Manager Hensley and Warden Fleming "several times by way of request from Jan. on through Mar. 2015." No. 7:15cv00648, ECF No. 40, at 6. Crawley also asserts that during rounds on January 29, 2015, March 9, 2015 and March 17, 2015, he expressed to Warden Fleming and Regional Administrator Ponton his "concerns about [C]haplain Mitchell and Hensley not responding to my request and chaplain not answering his e-mails about my Passover desires." Id. at 6.

## II. Legal Framework Applicable to Both
## Case No. 7:15cv00647 and Case No. 7:15cv00648

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). The moving party has the burden of showing – "that is, pointing out to the district court –

---

[5] In Crawley v. Holloway, et al., No. 7:14-cv-00084 (W.D. Va. 2014), Crawley sought access to the VDOC's Common Fare diet. The case settled in July 2014, the parties agreeing that Crawley receive Common Fare as a Yahwist. Crawley claims that his earlier case should have alerted WRSP and VDOC officials to his faith-based dietary requirements

that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

Material facts are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. An inference is defined as "[a] conclusion reached by considering other facts and deducing a logical consequence from them[,]" and "[t]he process of thought by which one moves from evidence to proof." Black's Law Dictionary (10th ed. 2014); see also Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1329 n.5 (Fed. Cir. 2009) ("A reasonable inference is one that is plausible and that flows logically from the facts alleged. . . ."). Crawley, as the non-moving party, is entitled to the benefit of reasonable inferences that may be drawn from the evidence; however, speculation is not permissible. The passage from one proposition to another must be logically compelled and "cannot be mere speculation, intuition or guessing." Poppell v. City of San Diego, 149 F.3d 951, 954 (9th Cir. 1998).

Crawley argues that Defendants violated the First Amendment by not adequately ensuring his participation in the Passover observance in April 2015. An inmate's First

7

Amendment right to the free exercise of religion must be balanced with prisons' institutional needs of security, discipline, and general administration. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-49 (1987). Thus, a correctional regulation or management decision that substantially burdens an inmate's constitutional right is valid if it is reasonably related to legitimate penological interests. Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir. 2006). Notably, a correctional official violates that First Amendment right only by intentional, and not negligent, conduct. Id. at 201.

Crawley also alleges Defendants discriminated against him in violation of the Fourteenth Amendment. Specifically, Crawley complains that other inmates observing Jewish holidays were allowed to participate in Passover feast and purchase Kosher foods from the commissary in April 2015 but he, as a Yahwist, was not. "Prisoners are protected under the Equal Protection Clause . . . from invidious discrimination." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to establish an equal protection claim, an inmate must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz v. Beto, 405 U.S. 319, 321-22 (1972); see also Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986) (noting conclusory allegations of discrimination are not sufficient to establish liability). To meet this requirement, a plaintiff is required to set forth "**specific, non-conclusory factual allegations** that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (emphasis added).

8

Conclusory statements are those that "amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim." Iqbal, 556 U.S. at 681. Allegations that are conclusory are not entitled to deference in the light most favorable to the non-movant. Id. "It is the conclusory nature of [a claimant's] allegations, rather than their extravagantly fanciful nature, that disentitles them to" such deference. Id.

### III. Conclusions of Law as to Both
### Case No. 7:15cv00647 and Case No. 7:15cv00648

Crawley makes no allegations against VDOC CCO Robinson other than the utterly conclusory one that Robinson somehow failed to disseminate the 2015 Passover Memorandum (Memorandum #04-2015 dated January 26, 2015), detailing VDOC procedures for religious observance of the 2015 Passover. No. 7:15cv00648, ECF No. 23-2, at 3-6. The Passover Memorandum described the programming and regulations for "Jewish, Messianic Jewish, Yahwist/House of Yahweh and Philadelphia Church of God offenders who are on the pass list for these religions" and want to participate in the Passover holiday. The Passover Memorandum required inmates "desiring to observe Passover [to] make their intentions known in writing, including which meal plan they desire, to the [Warden] or designee at least 30 days prior to the beginning of Passover." The inmates who signed up via the Warden or designee were also allowed to buy certain "Kosher for Passover" foods from the commissary. Inmates who already were receiving Common Fare and had signed up for Passover would also receive the special Passover meal. The Passover Memorandum was forwarded to Chaplain Mitchell, who issued his own memo to inmates on January 29, 2015, informing them of the Passover services. Id. at 7.

On its face, the Passover Memorandum provides Yahwists a similar opportunity to practice their faith as adherents of the Jewish, Messianic Jewish, and Philadelphia Church of God religions. Nothing in the Passover Memorandum suggests intentional discrimination against

9

Yahwists. The authenticity of the Passover Memorandum is unchallenged, and Crawley offers nothing but conclusory allegations to suggest that Robinson, in his office in Richmond, or Hensley, at WRSP, intentionally failed to disseminate or implement the Passover Memorandum to deprive Crawley of his rights. Such conclusory allegations are simply insufficient to state a constitutional violation. See Iqbal, 556 U.S. at 681. Therefore, the court will dismiss all claims against Robinson, and the claims against Hensley for allegedly failing to implement the Passover Memorandum.

Likewise, there is nothing in the record to suggest that Warden Fleming, IPM Hensley or Regional Administrator Ponton took any action to prevent Crawley from receiving Passover meals in 2015. In fact, Crawley's grievances squarely place the blame on Chaplain Mitchell and no one else: "[Chaplain Mitchell's] failure to follow any policy is solely the reason I was arbitrarily deprived of participating in my religion celebration Passover, and why also Mar. 2015 I was subject to discrimination when denied my right to order Passover items." Regular Grievance, No. 7:15cv00647, ECF No. 31-2, at 19. While Crawley makes passing references in his pleadings and grievances to complaints he made to Warden Fleming and Regional Administrator Ponton while they were conducting rounds, and other unspecified letters written to IPM Hensley and Warden Fleming that Chaplain Mitchell was not responding to him about Passover, such complaints to supervisors are insufficient to impose § 1983 liability on them. See Iqbal, 556 U.S. at 676. These prison administrators may not be held vicariously liable under § 1983 for failings of other prison staff, such as the claimed failure of Chaplain Mitchell to respond to Counselor Rose's emails, which Crawley claims caused him not to be included on the 2015 Passover list. Id. ("[B]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff

10

Case 7:15-cv-00648-MFU-RSB   Document 49   Filed 03/14/17   Page 10 of 12   Pageid#: 197

must plead each Government-official defendant, through the official's own individual actions, has violated the Constitution.").[6]

However, Crawley's claim against Chaplain Mitchell amounts to more than bare assertions given the genuine issue of fact disputed by the parties. Specifically, Chaplain Mitchell claims that Crawley did not ask to receive Passover meals. In response, Crawley submits two Offender Requests, No. 7:15cv00647, ECF No. 48-1, at 1-2, which indicate that Crawley did in fact request to be placed on the Passover list. These documents bolster Crawley's claim of discrimination beyond the realm of mere conclusory accusations. See Williams, 326 F.3d at 584. Moreover, the disputed question of whether Chaplain Mitchell did or did not receive Crawley's request is inappropriate for resolution on summary judgment.

In sum, Crawley has no actionable claim against Chief of Corrections Operations Robinson, Warden Fleming, IPM Hensley, or Regional Administrator Ponton. As set forth in the Passover Memorandum, VDOC policy provided that Yahwists such as Crawley could participate in Passover observances, and there is no evidence, beyond Crawley's bare assertions, that any of these defendants interfered with Crawley's ability to receive Passover meals in segregation or discriminated against him based on his faith. Because there is no evidence that these defendants had any personal involvement in Crawley's receipt of Passover meals, the claims against them must be dismissed. However, given the factual dispute surrounding Chaplain Mitchell's conduct in Case No. 7:15cv00647, the court cannot dismiss the claim against him at this time.

---

[6] Further, to the extent that Crawley's claim against Warden Fleming, IPM Hensley and Regional Administrator Ponton relies on their responses to his post-Passover grievances, it is unavailing. Crawley has "no constitutional right to participate in grievance proceedings." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Likewise, "there is no liability under § 1983 for a prison administrator's response to a grievance or appeal." Brown v. Va. Dep't. of Corr., No. 6:07cv33, 2009 WL 87459, at * 13 (W.D. Va. Jan. 9, 2009). Warden Fleming's, Regional Administrator Ponton's, and IPM Hensley's "after-the-fact denial of a grievance falls far short of establishing § 1983 liability." DePaola v. Ray, No. 7:12cv00139, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (Sargent, M.J.) (citing Brooks v. Beard, 167 F.App'x 923, 925 (3rd Cir. 2006)).

11

## IV.

Accordingly, the motion for summary judgment filed in case No. 7:15cv00648, ECF No. 22, will be **GRANTED** in its entirety and that case dismissed. The motion for summary judgment filed by Warden Fleming and Regional Administrator Ponton in case No. 7:15cv00647, ECF No. 30, will be **GRANTED** and the case dismissed against them.

The motion for summary judgment filed by Chaplain Mitchell in case No. 7:15cv0047, ECF No. 30, will be **DENIED** as further factual development is necessary for the court to assess Crawley's claim of an intentional constitutional violation by Chaplain Mitchell.

In order to properly consider the claim against Chaplain Mitchell in case No. 7:15cv00647, the court directs him to file a supplemental motion for summary judgment with supporting memorandum and affidavits responding to the issues raised by the "Offender Request" forms. No. 7:15cv00647, ECF No. 48-1, at 1-2. Any such supplemental motion, along with supporting memorandum and affidavits, must be filed within thirty (30) days of the date of the entry of this Memorandum Opinion. Crawley has thirty (30) days thereafter to file a response. If no supplemental motion for summary judgment is filed, the Clerk is directed to set case No. 7:15cv00647 against Chaplain Mitchell for trial.

An appropriate order will be entered.

ENTER: This 14th day of March, 2017.

/s/ Michael F. Urbanski
United States District Judge